the 6th circuit, denying application of Sarah E. Slater to compel E. M. Tompkins, administrator of S. Youngs a deceased master, to pay over moneys. Order appealed from affirmed with costs.

*The Same* v. *Haviland Slater et al.* J. RHOADES, for motion; W. SILLIMAN, in opposition. Application for retaxation of costs. Motion denied with $12 costs.

*The Same* v. *Haviland Slater, Daniel Slater et al.* J. RHOADES, for appellant; W. SILLIMAN, for respondent.— Appeal from a decision of the vice chancellor of the first circuit refusing to vacate or alter an order denying petition of Daniel Slater, with costs.

Order appealed from affirmed with costs.

*Richard Warren, receiver, &c.* v. *Edgar Sprague.* J. M. MARTIN, for appellant; F. H. RODMAN, for respondent.— This was an appeal from the decision of the vice chancellor of the first circuit denying the defendant's application to take the complainant's bill off the files of the court, and allowing the complainant to substitute a new solicitor to prosecute this suit. The bill was filed by the receiver who had been appointed in a creditor's suit between O. Ames as complainant and G Witherel and H. St. John as defendants : and the only ground of objection to the bill in the present suit was that it was prosecuted by the same solicitor who appeared for the complainant in the original suit in which the receiver was appointed.

*When receiver may employ solicitor of either of the parties.* THE CHANCELLOR. The only error in the order appealed from is that the application to take the bills off the files was not denied with costs, instead of requiring the complainant to appear by a new solicitor and to pay the costs of the defendant upon the motion. But that was an error in favor of the appellant, and of which he has of course no right to complain by appeal. The rule which prohibits a receiver from employing the solicitor for either of the parties to the suit in which he is appointed receiver is intended to protect the rights of those parties. And if they have no objection, the receiver may employ the solicitor of either to aid him in the discharge of his trust. A mere stranger to that suit, therefore, has no right to